UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELICIA NICHOLS,<br>    Plaintiff,<br>v.<br>CITY OF SAN JOSE, et al.,<br>    Defendants. | Case No. 14-cv-03383-BLF<br><br>**ORDER RE MOTIONS *IN LIMINE***<br>[Re: ECF 57, 58, 59, 60, 61, 62, 69] |

Plaintiff Felicia Nichols brings this action following an encounter with San Jose Police Officers on November 8, 2012. Nichols initially brought suit under 42 U.S.C. § 1983 against the City of San Jose (the "City") and the individual police officers involved in the incident: Christopher Schipke and Officer Ferguson. Only the claims against Officer Schipke for false arrest, use of excessive force, and unlawful search remain. The Court held a pretrial conference on May 4, 2017, at which time it addressed a number of trial issues and heard argument on the parties' motions *in limine*. The Court HEREBY ORDERS as follows:

**I. SCHEDULING**

Each party is allotted 15 hours of trial time, to include examination and cross-examination of witnesses and the presentation of evidence. Each party will have an additional 30 minutes for opening statements and one hour for closing arguments. Additionally, each party will be allotted 40 minutes for oral voir dire. The parties are ORDERED to file a revised proposed verdict form and jury questionnaire on or before May 30, 2017.

**II. JURY QUESTIONNAIRE**

For the reasons discussed on the record, the Court ORDERS the parties to omit the following questions from the proposed jury questionnaire: 7 and 25. The Court also ORDERS the parties to make any additional modifications as discussed on the record.

## III. REQUEST FOR BIFURCATION

In the joint pretrial statement, Plaintiff asks the Court to bifurcate punitive damages and liability issues. J. Pretrial S. 6, ECF 56. Defendant does not object to this request. Nevertheless, the Court does not find that bifurcation is necessary, and further finds that bifurcation would be time consuming. Accordingly, the Court DENIES Plaintiff's request to bifurcate punitive damages and liability issues.

## IV. MOTIONS *IN LIMINE*

For the reasons explained below and on the record at the May 4, 2017, pretrial conference, the motions are decided as follows:

Plaintiff's Motion *in Limine* No. 1: WITHDRAWN.

Defendant's Motion *in Limine* No. 1: GRANTED.

Defendant's Motion *in Limine* No. 2: DENIED.

Defendant's Motion *in Limine* No. 3: DENIED IN PART.

Defendant's Motion *in Limine* No. 4: GRANTED.

Defendant's Motion *in Limine* No. 5: DENIED.

Defendant's Motion *in Limine* No. 6: GRANTED.

### A. Plaintiff's Motion *in Limine*

#### i. Plaintiff's Motion *in Limine* No 1 to Exclude Any References to David Cabrera's Arrests or Convictions. WITHDRAWN.

Plaintiff withdrew this motion *in limine* at the pretrial conference.

### B. Defendant's Motions *in Limine*

#### i. Defendant's Motion *in Limine* No. 1 to Exclude Evidence Related to Claims Plaintiff is No Longer Pursuing. GRANTED.

Defendant moves to exclude any evidence related to the San Jose Police Department ("SJPD")'s investigation of Plaintiff's report that she had been molested as a young teenager. Def.'s Mot. in Lim. No. 1, at 1, ECF 57. Officer Schipke contends that such evidence is relevant only to Nichols' now-dismissed claim that the SJPD retaliated against her for complaining about the officers' conduct by failing to properly investigate her reported molestation. *Id.* As Plaintiff is no longer pursuing this claim, Defendant argues that the SJPD's conduct of the investigation is not

relevant, and should therefore be excluded under Fed. R. Evid. 401 and 403. *Id.* Defendant clarifies that he does not object to Nichols introducing evidence sufficient to establish that she claims she was molested, that she reported the crime to SJPD in 2012, and that SJPD was investigating her report. *Id.* at 2. However, he asserts that how the investigation was conducted, whether it could have been conducted more expeditiously or more effectively, and other details are not relevant, confusing, and is likely to increase the jurors' emotional reaction to Plaintiff's history of molestation. *Id.* Nichols does not oppose Defendant's motion.

The Court agrees that evidence falling into this category is not relevant and would be a waste of time. Accordingly, the Court GRANTS Defendant's motion. The Court notes that Plaintiff may discuss the fact of the investigation, but may not introduce any specifics.

### ii. Defendant's Motion *in Limine* No. 2 to Exclude Evidence Concerning David Cabrera's Personal History. DENIED.

Officer Schipke moves to exclude any evidence related to witness David Cabrera's involvement in efforts to prevent youth gang activity. Def.'s Mot. in Lim. No. 2, at 1, ECF 58. Defendant contends that such evidence is not relevant, and even if it were relevant, it would be unfairly prejudicial, and should therefore be excluded pursuant to Fed. R. Evid. 401, 608, and 403. *Id.* At the pretrial conference, Plaintiff objected to this motion, and argued that Cabrera's involvement in efforts to prevent youth gang activity is relevant to his identity and background. The Court agrees with Plaintiff, and concludes that such evidence is relevant background information that may be presented to the jury to generally acquaint the jury with the witness. However, any such evidence may not be used to bolster Cabrera's credibility. As such, information concerning Cabrera's involvement in efforts to prevent youth gang activity shall be limited to a high level of background. Accordingly, the Court DENIES Defendant's motion *in limine* no 2.

### iii. Defendant's Motion *in Limine* No. 3 to Exclude Evidence of the Officers' Alleged Mistreatment of Witness David Cabrera. DENIED IN PART.

Defendant seeks to exclude all evidence related to the officers' alleged mistreatment of witness David Cabrera associated with the encounter on November 8, 2012. Def.'s Mot. in Lim. No. 3, at 1, ECF 59. Officer Schipke contends that such evidence is irrelevant because Cabrera is

3

1 not a plaintiff in this case, and there are no allegations that his constitutional rights were violated. *Id.* Defendant also contends that all of the alleged conduct pertains to Officer Ferguson, who is no longer a defendant in this action, which supports his argument that such evidence is irrelevant. *Id.* Defendant further asserts that any testimony about the officers' alleged mistreatment of Cabrera is more prejudicial than probative, and therefore should be excluded pursuant to Fed. R. Evid. 403. *Id.* at 2. Plaintiff objected to this motion *in limine* at the pretrial conference, on the ground that such evidence is relevant to explain Nichols' conduct and to her measure of emotional damages caused by the incident. Defendant conceded that to the extent such evidence affects Nichols, it may properly be admitted. However, Defendant contended that any evidence about the interaction between the officers and Cabrera once he and Nichols were separated is not relevant.

The Court finds that to the extent evidence related to the interaction between the officers and Cabrera explains Nichols' conduct, her testimony will not be limited. Nevertheless, Cabrera cannot testify about how he was treated and what happened to him for the sake of relaying what happened to him. The Court also welcomes two limiting instructions related to this evidence. First, that Cabrera has no claim. Second, that any evidence of Nichols' observation of how he was treated by the officers may be considered only for Nichols' emotional distress damages, not Officer Schipke's liability. For these reasons, the Court DENIES IN PART Defendant's motion *in limine* no. 3.

    **iv.    Defendant's Motion *in Limine* No. 4 to Exclude Evidence of Relating to Any Other Complaints, Investigations, or Discipline Concerning Officer Schipke or Officer Ferguson. GRANTED.**

Officer Schipke move to exclude any evidence relating to any complaints, investigations, or discipline concerning himself or Officer Ferguson, apart from any related to the incident in this case. Def.'s Mot. in Lim. No. 4, at 1, ECF 60. Defendant argues that such evidence would be inadmissible character evidence pursuant to Fed. R. Evid. 404, and that courts have previously excluded similar evidence, where officers are claimed to have engaged in prior misconduct. *Id.* (citing *Sibrian v. City of Los Angeles*, 288 Fed. Appx. 385, 387 (9th Cir. 2008)). Defendant further claims that the only other incident that has been raised in this case occurred in August 2013, when Officer Schipke shot at a suspect in self-defense. *Id.* at 2. Defendant contends that

testimony related to this incident is irrelevant and inadmissible because the conduct is not similar to the allegations of wrongdoing at issue in this action. *Id.* Finally, Officer Schipke asserts that even if this evidence were admissible, it should be excluded under Fed. R. Evid. 403, because it is more prejudicial than probative. *Id.* at 2–3.

Plaintiff does not oppose Defendant's motion. The Court agrees with Defendant, and will exclude any such evidence concerning Officer Schipke or Officer Ferguson. Accordingly, the Court GRANTS Defendant's motion *in limine* no. 4.

### v. Defendant's Motion *in Limine* No. 5 to Exclude Evidence of Allegedly Rude Comments. DENIED.

Defendant seeks to exclude evidence concerning any allegedly rude comments by officers to Nichols or Cabrera, and argues that such evidence is irrelevant and unfairly prejudicial. Def's Mot. in Lim. No. 5, at 1, ECF 61. Officer Schipke contends that even if true, these comments are not actionable under section 1983 and do not make it more likely that the officers engaged in any of the alleged unconstitutional conduct. *Id.* Thus, Officer Schipke asserts that such evidence is irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 402. *Id.* at 1–2. Defendant also argues that such evidence is unfairly prejudicial and should be excluded under Rule 403. *Id.* at 2. At the pretrial conference, Plaintiff opposed this motion *in limine*, and argued that such evidence is relevant both to Officer Schipke's liability, as well as Nichols' emotional distress damages.

The Court will not require Plaintiff to sanitize her testimony and misrepresent the event to the jury, and as such, will DENY Defendant's motion *in limine* no. 5 with two caveats. First, the Court will exclude evidence related to any rude comments made with respect to Cabrera. Second, the Court invites Defendant to submit a limiting instruction, instructing the jury that any rude, derogative, or offensive statements are not a basis for liability.

### vi. Defendant's Motion *in Limine* No. 6 to Exclude Non-Party Witnesses From the Course of the Trial. GRANTED.

Pursuant to Fed. R. Evid. 615, Defendant moves for an order requiring non-party witnesses to be excluded from the courtroom during the course of the trial, *i.e.*, all witnesses other than Nichols and Officer Schipke. Def.'s Mot. in Lim. No. 6, at 1, ECF 62. At the pretrial conference, Plaintiff asked that this motion exclude both experts and any percipient witnesses after they have

completed their testimony. Defendant did not object to this limitation, except that any percipient witnesses who remain in the courtroom after they have completed their testimony be precluded from being recalled for any purpose. Plaintiff agreed to this condition. Accordingly, the Court GRANTS Defendant's motion *in limine* no. 6, as articulated above.

**IT IS SO ORDERED.**

Dated: May 5, 2017

BETH LABSON FREEMAN
United States District Judge