United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FELICIA NICHOLS,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>        Defendants. | Case No. 14-cv-03383-BLF<br><br>**ORDER RE MOTIONS *IN LIMINE***<br><br>[Re: ECF 120, 121, 122] |

This case arises from Plaintiff Felicia Nichols' ("Plaintiff") encounter with San Jose Police Officers on November 8, 2012. Nichols initially brought suit under 42 U.S.C. § 1983 against the City of San Jose (the "City") and the individual police officers involved in the incident: Officer Schipke and Officer Ferguson. Only one claim against Officer Schipke for use of excessive force remains. This action is set for trial on the excessive force claim on August 28, 2017. The Court held a pretrial conference on August 23, 2017, at which time it addressed a number of trial issues and heard argument on the parties' motions *in limine*. The Court HEREBY ORDERS as follows:

**I. SCHEDULING**

Each party is allotted 8 hours of trial time, to include examination and cross-examination of witnesses and the presentation of evidence. Each party will have an additional 30 minutes for opening statements and 45 minutes for closing arguments. Additionally, each party will be allotted 30 minutes for oral voir dire.

**II. MOTIONS *IN LIMINE***

For the reasons explained below and on the record at the August 23, 2017 hearing, the motions are decided as follows:

Plaintiff's Motion *in Limine* No. 1: DENIED.

Defendant's Motion *in Limine* No. 1: DENIED.

Defendant's Motion *in Limine* No. 2: WITHDRAWN.

A.  **Plaintiff's Motion** *in Limine*

   i.  **Plaintiff's Motion** *in Limine* **No. 1 to Allow Alternate Theory of Liability Based on Same Facts.  DENIED.**

Plaintiff seeks to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a) and (b). ECF 122.  Although Plaintiff's theory has always been that Officer Schipke himself used excessive force during Plaintiff's detention, evidence was introduced at the first trial that indicated a different officer may have used excessive force.  Plaintiff now seeks to pursue an alternate theory of liability against Officer Schipke based on the same facts presented at trial which would allow the jury to find Officer Schipke liable for excessive force on a "failure to intercede" theory. *Id*.  Defendant objects on the ground that the proposed amendment is prejudicial to Defendant who had no opportunity to discover facts pertinent to the theory that an officer other than Officer Schipke used excessive force. ECF 123.

Courts are to freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  In addition, the Court may permit the pleadings to be amended during and after trial. Fed. R. Civ. P. 15(b).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.' " *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Of these so-called *Foman* factors, prejudice is the weightiest and most important. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In order to pursue this alternate theory, Plaintiff would have to establish that Officer Schipke had a realistic opportunity to intercede and prevent another officer from violating Plaintiff's constitutional rights. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Plaintiff argued at the hearing on the motions *in limine* that no new facts are required since the evidence already shows that Officer Schipke was next to Plaintiff and had her under his control during the incident.  Plaintiff also pointed to evidence that she was held against the car for 1 to 2 minutes, which Plaintiff would argue was enough time for Officer Schipke to intercede.  Although

a party may plead alternative and inconsistent legal theories, the Court DENIES Plaintiff's motion to amend under Rule 15 as the result of Plaintiff's undue delay in seeking amendment and the significant prejudice to Defendant if amendment were allowed.

The Court recognizes that "undue delay" is not sufficient by itself to justify denial of leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, it is certainly a factor that the Court must consider to determine whether to grant leave to amend. In this case, Plaintiff's witness Baltazar Jasso testified at trial that he saw a police officer touch Plaintiff inappropriately and bend her over the hood of the police vehicle. ECF 122. However, Jasso's contemporaneous handwritten statement indicated that the officer he saw was not Officer Schipke. *Id*. Defendant then argued in closing that if anyone slammed Plaintiff against the car, it was not Officer Schipke. *Id*. Plaintiff's argument that she did not unduly delay in pursuing this alternative theory because the theory "was not contemplated prior to the first trial" is unpersuasive. Plaintiff was in possession of Jasso's contemporaneous witness statement throughout the course of the litigation and Plaintiff had unfettered access to Jasso himself who is her brother-in-law. Thus, the Court finds there is undue delay in Plaintiff's request at this stage for leave to amend the pleadings to allege an alternate theory of liability.[1]

Most importantly, allowing Plaintiff to amend the pleadings to include a "failure to intercede" theory at trial would significantly prejudice Defendant. Plaintiff argued that Defendant cannot establish prejudice because no additional discovery is required and no additional witnesses are needed to defend against the alternative theory. In his opposition and at the hearing on the motions *in limine*, Defendant explained that he did not pursue or investigate this case on a failure to intercede theory because the theory was never pled. Liability was always alleged on the basis that Officer Schipke himself used excessive force against Plaintiff which Officer Schipke always

---

[1] Plaintiff's argument at the hearing on the motions *in limine* that it was Defendant who delayed in raising the theory that another officer used excessive force on Plaintiff misses the mark. Defendant did not raise a new claim at trial but rather used Jasso's witness statement to rebut Plaintiff's claim that Officer Schipke used excessive force. It is Plaintiff's delay in raising the "failure to intercede" theory of liability that matters in the Court's analysis. Plaintiff's argument that she seeks to conform the pleadings to the evidence presented by Defendant in closing arguments is likewise unavailing.

3

denied. Based on Plaintiff's pleadings and interrogatory responses, there was no reason for defense counsel to interview the other officers or gather evidence to discover whether another officer slammed Plaintiff into a car. ECF 123.

The Court finds that Defendant has satisfied his burden of demonstrating prejudice that would result from amendment, which Plaintiff admits is the "most important element" of the determination in granting leave to amend under Rule 15. ECF 122; *see also Eminence Capital*, 316 F.3d at 1052. Allowing Plaintiff to pursue a "failure to intercede" theory at trial would deprive Defendant of the evidence necessary to defend against Plaintiff's new theory. For example, without testimony from the other officers on the scene, Defendant has no way to rebut Plaintiff's testimony that an officer other than Officer Schipke held Plaintiff against the hood of the car for 1 to 2 minutes, or that Officer Schipke was or was not present and aware of the situation at the time.

The Court also notes that although Rule 15(b) permits the court to grant a continuance to enable the objecting party to conduct further discovery, a continuance would not cure the issues in this case. Defendant argued that many of the officers at the scene on the night of the incident, which occurred almost five years ago, are no longer employed by the City. The Court also agrees with Defendant that these other officers are unlikely to have any recollection of the events in question, especially because none of the officers wrote a police report of the incident and Officer Schipke was the primary officer involved. Further, the interviews conducted in the post-incident internal affairs investigation were focused solely on Plaintiff's claim that it was Officer Schipke alone who slammed her onto the hood of the car.

For these reasons, the Court DENIES Plaintiff's motion *in limine* to amend the complaint to allege and ultimately argue a "failure to intercede" theory at trial.

### B. Defendant's Motions *in Limine*

#### i. Defendant's Motion *in Limine* No. 1 to Exclude Evidence Relevant Only to Claims Already Adjudicated. DENIED.

Defendant moves to exclude any evidence relevant only to claims that Plaintiff was improperly detained and searched during the November 8, 2012 incident, as these claims have

4

1    already been adjudicated. Def.'s Mot. in Lim. No. 1, at 1, ECF 120. Defendant contends that

2    evidence concerning Officer Schipke's search of Plaintiff and the propriety and length of the

3    detention are not relevant to Plaintiff's excessive force claim. *Id.* Since the jury in the first trial

4    already rejected Plaintiff's claims that the detention and search were improper, Defendant argues

5    that allowing Plaintiff to retry them would be a violation of the Seventh Amendment. *Id*.

6         Plaintiff opposes this motion *in limine*, and argues that although she does not intend to

7    relitigate the propriety of the search or the detention, evidence of the length of the detention and

8    the circumstances of the search are relevant to the jury's determination of whether Defendant used

9    excessive force. ECF 125. In evaluating a Fourth Amendment claim of excessive force, the

10   inquiry involves "whether the officers' actions are 'objectively reasonable' in light of the facts and

11   circumstances confronting them based on the totality of the circumstances." *Glenn v. Washington*

12   *Cnty.*, 673 F.3d 864, 871 (9th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

13   Thus, Plaintiff argues that the jury needs to hear evidence involving the detention and the search in

14   order to determine if there was a need for Officer Schipke to use the amount of force alleged.

15        Defendant argued at the hearing that in particular, evidence that Officer Schipke

16   inappropriately touched Plaintiff during the search risks inflaming the jury and could lead the jury

17   to improperly reassess whether the *search* was constitutional. Plaintiff countered that the sexual

18   nature of the search is necessary evidence because it relates to the sexualized component of the

19   excessive force claim – namely, Plaintiff's testimony that Defendant pressed his genitals against

20   her when he slammed her against the car. However, Plaintiff agreed to stipulate that Plaintiff will

21   not speculate or testify as to Officer Schipke's motives or intentions during the search and

22   detention.

23        The Court will allow Plaintiff to present evidence of the totality of the circumstances to the

24   jury on the excessive force claim, including the length of the detention and the circumstances of

25   the search. As discussed at the hearing on the motions *in limine*, Defendant's concerns involving

26   the prejudicial effect of the evidence can be reduced through a limiting instruction to the jury. For

27   these reasons and the reasons stated on the record, the Court DENIES Defendant's motion to

28   exclude evidence of the search and the length of the detention. The Court's denial of Defendant's

motion *in limine* is without prejudice to Defendant's ability to raise objections at trial should Plaintiff argue that the detention was too long or the search was inappropriate or elicit testimony unrelated to the excessive force claim.

### ii. Defendant's Motion *in Limine* No. 2 to Deem Plaintiff's Witness Baltazar Jasso Unavailable. WITHDRAWN.

Defendant withdrew this motion *in limine* at the hearing on August 23, 2017.

**IT IS SO ORDERED.**

Dated: August 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge